UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BRYANT, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                            Case No. 8:23-cv-2171-TPB-SPF

BYRON UDELL & ASSOCIATES INC.
d/b/a ACCUQUOTE, and DIGITAL
MEDIA SOLUTIONS, LLC,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANT BYRON UDELL & ASSOCIATES INC. D/B/A ACCUQUOTE'S MOTION FOR PAYMENT OF COSTS AND FEES AND FOR A STAY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(D) AND INCORPORATED MEMORANDUM OF LAW**

This matter is before the Court on "Defendant Byron Udell & Associates Inc. d/b/a AccuQuote's Motion for Payment of Costs and Fees and for a Stay Pursuant to Federal Rule of Civil Procedure 41(d) and Incorporated Memorandum of Law," filed on October 27, 2023. (Doc. 17). On November 13, 2023, Plaintiff filed a response in opposition. (Doc. 23). The Court held a hearing to address this matter on December 13, 2023. (Doc. 26). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

This case concerns an alleged violation of the Telephone Consumer Protection Act and the Virginia Telephone Privacy Protection Act based on a single phone call. Defendant Byron Udell & Associates Inc. d/b/a AccuQuote ("AccuQuote") seeks an order directing Plaintiff to reimburse AccuQuote for $162,840.49 in costs and attorney's fees

that AccuQuote allegedly incurred defending a substantially similar or identical lawsuit in the Eastern District of Virginia.

On March 28, 2023, Plaintiff first filed a complaint against Mutual of Omaha in the Eastern District of Virginia asserting claims for violations of the Telephone Consumer Protection Act and the Virginia Telephone Privacy Protection Act based on a single phone call allegedly made on behalf of Mutual of Omaha. During discovery, Plaintiff learned that one or more other parties, including AccuQuote, may be liable for the phone call. On June 20, 2023, Plaintiff filed an amended complaint to add AccuQuote as a defendant. In the Virginia litigation, the parties engaged in dispositive motion briefing, fact discovery, and expert discovery.

On August 11, 2023, the Virginia court granted AccuQuote's motion to dismiss, permitting leave to amend. *See Bryant v. Byron Udell & Assocs. Inc.*, No. 1:23-cv-00414 (AJT/LRV), 2023 WL 5180351 (E.D. Va. Aug. 11, 2023). Rather than amend, on August 16, 2023, Plaintiff sought AccuQuote's consent to transfer the case to the Middle District of Florida, but AccuQuote declined to consent to transfer. On August 18, 2023, prior to the deadline for amendment, Plaintiff voluntarily dismissed his case pursuant to Rule 41(a). On August 22, 2023, the Virginia court dismissed and closed the case. On September 26, 2023, Plaintiff filed the instant complaint, which is based on the same conduct alleged in his prior Virginia complaint.

In the instant motion, AccuQuote seeks $162,840.49, comprised of $153,773.90 in attorney's fees and $9,066.59 in costs. The $9,066.59 in costs is comprised of $875.00 in

expert fees, $67.50 in travel costs, $224.96 in filing and mailing costs, and $7,899.13 in discovery vendor costs.[1]

## Analysis

If a plaintiff who previously dismissed an action subsequently files a new action based on including the same claim against the same defendant, "the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). As the Honorable William F. Jung explained in a recent case,

> The rule does not mention attorney's fees. It mentions costs. There is some mixed authority that permits attorney's fees under Rule 41(d). At least one court of appeals case is flatly to the contrary. *Rogers v. Wal-Mart Stores,* 230 F.3d 868, 875 (6th Cir. 2000). *Rogers* appears well-reasoned to the undersigned. Neither Rule 41(d), nor 28 U.S.C. § 1920 which lists taxable costs, lists attorney's fees as recoverable. The Court prefers to read plain words plainly. Other federal rules do list attorney's fees, but Rule 41(d) does not. *See* 230 F.3d at 875. Absent Eleventh Circuit authority to the contrary, the undersigned finds *Rogers* persuasive and denies attorney's fees.

*Little v. Ritchey's Truck Repair, Inc.*, No. 8:20-cv-2196-T-02AEP, 2021 WL 54725, at *1 (M.D. Fla. Jan. 6, 2021). The Court finds Judge Jung's reasoning persuasive and adopts the analysis in *Little* and *Rogers* to deny attorney's fees here. However, even if *Rogers* were wrongly decided, the Court would not grant an award of attorney's fees due to the absence of vexatious conduct. *See id.* Consequently, the Court finds that AccuQuote is not entitled to attorney's fees, and the motion is denied as to this ground.

As for costs, the Court will award those that Plaintiff previously agreed to pay -- expert fees ($875), travel costs ($67.50), and filing and mailing costs ($224.96). The

---

[1] Plaintiff informally agreed to reimburse AccuQuote for its expert fees ($875), travel costs ($67.50), and filing and mailing costs ($224.96).

motion is otherwise denied. *See* Fed. R. Civ. P. 41(d); 28 U.S.C. § 1920; *Little*, 2021 WL 54725, at *2 (allowing recovery of fees recoverable under 28 U.S.C. § 1920).  The motion to stay the case until these costs are paid, however, is denied.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>19th</u> day of December, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**