UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BRYANT, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                                        Case No. 8:23-cv-2171-TPB-SPF

BYRON UDELL & ASSOCIATES INC.
d/b/a ACCUQUOTE and DIGITAL
MEDIA SOLUTIONS, LLC,

    Defendants.
_____/

### ORDER DENYING "ACCUQUOTE, INC. F/K/A BYRON UDELL & ASSOCIATES INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT"

This matter is before the Court on "AccuQuote, Inc. f/k/a Byron Udell & Associates Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law," filed on April 9, 2024. (Doc. 55). On May 14, 2024, Plaintiff John Bryant filed a response in opposition. (Doc. 61). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background

This case concerns an alleged violation of the Telephone Consumer Protection Act and the Virginia Telephone Privacy Protection Act based on a single phone call. Plaintiff John Bryant, an individual residing in Virginia, registered his cell phone number on the National Do Not Call Registry. However, on August 31, 2022, Plaintiff received a pre-recorded call from a spoofed Virginia area code. The call mentioned reducing or eliminating costs not covered by Medicare, and Plaintiff was then

transferred to a licensed insurance agent with Mutual of Omaha for more information. Plaintiff subsequently terminated the call.

On March 28, 2023, Plaintiff filed suit against Mutual of Omaha in the Eastern District of Virginia, although he later settled with Mutual of Omaha and voluntarily dismissed his claims against it with prejudice.  According to Plaintiff, during discovery, he learned that Defendant Byron Udell & Associates Inc. d/b/a AccuQuote ("AccuQuote"), or a vendor that AccuQuote retained, made the prerecorded call at issue.  On June 20, 2023, Plaintiff filed an amended complaint to add AccuQuote, an Illinois corporation, as a defendant.  He also later added Defendant Digital Media Solutions, LLC ("DMS"), a Delaware limited liability company with its principal place of business in Florida.[1]

In the Virginia litigation, the parties engaged in dispositive motion briefing, fact discovery, and expert discovery.  On August 11, 2023, the Virginia court granted AccuQuote's motion to dismiss, permitting leave to amend.  *See Bryant v. Byron Udell & Assocs. Inc.*, No. 1:23-cv-00414 (AJT/LRV), 2023 WL 5180351 (E.D. Va. Aug. 11, 2023).  Rather than amend, on August 18, 2023, Plaintiff voluntarily dismissed his case pursuant to Rule 41(a).  On August 22, 2023, the Virginia court dismissed and closed the case.  On September 26, 2023, Plaintiff filed the instant complaint, which is based on the same conduct alleged in his prior Virginia complaint.

---

[1] It was learned in discovery that the phone call at issue was placed by Crisp Marketing, which has since been acquired by DMS.  For clarity and to avoid confusion, the Court will generally refer to DMS as the entity that placed the call.

## Legal Standard

*Rule 12(b)(1)*

Under Rule 12(b)(1), the plaintiff bears the burden to establish the district court's subject matter jurisdiction. *See, e.g.*, *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010). A party may attack subject matter jurisdiction through a facial attack or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks . . . 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529). Alternatively, "[f]actual attacks challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside of the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529).

*Rule 12(b)(6)*

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D.

Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Subject Matter Jurisdiction and Standing*

AccuQuote mounts a facial challenge to the Court's subject matter jurisdiction, arguing that Plaintiff does not sufficiently allege standing. Specifically, AccuQuote contends that Plaintiff has not sufficiently alleged that his purported injury is fairly traceable to AccuQuote's purported conduct. The Court notes that AccuQuote previously made similar arguments as to its lack of agency or control over DMS in a prior motion to dismiss, but those arguments pertained to specific personal jurisdiction under Florida's long-arm statute, which requires a different analysis than the analysis required for federal subject matter jurisdiction and standing.[2]

Article III standing is required to maintain a lawsuit in federal court. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1269 (11th Cir. 2019) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016)). "The three requirements for Article III standing are familiar: the plaintiff must allege that he suffered an 'injury in fact' that is 'concrete

---

[2] However, AccuQuote has abandoned its personal jurisdiction argument by not raising it in the motion to dismiss. *See* Fed. R. Civ. P. 12(b), (h).

and particularized' and 'actual and imminent'; that injury must be 'fairly traceable to the challenged action of the defendant'; and it must be 'likely … that the injury will be redressed by a favorable decision.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Defendant challenges only whether Plaintiff has sufficiently pled that the injury is fairly traceable to the challenged action of Defendant. "To be sure, traceability is not an exacting standard." *Walters v. Fast AC, LLC*, 60 F.4th 642, 650 (11th Cir. 2023). A plaintiff does not need to plead or establish direct causation; "[e]ven a showing that a plaintiff's injury is indirectly caused by a defendant's actions satisfies the fairly traceable requirement." *Cordoba*, 942 F.3d 1259. at 1271 (quoting *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012)). There is no question that if DMS was acting as AccuQuote's agent when it made the allegedly illegal phone calls, then Plaintiff's injuries are fairly traceable to AccuQuote. *See Walters v. Fast AC, LLC*, 60 F.4th at 652. Here, there are sufficient allegations as to vicarious liability and agency, as will be discussed below. The motion to dismiss is therefore denied as to this ground.

*Failure to State a Claim*

AccuQuote also raises a challenge to Plaintiff's vicarious liability theories, arguing that Plaintiff does not sufficiently allege an agency relationship. When a court analyzes vicarious liability under the TCPA, it should keep in mind that "[a]gency is typically a factual issue," and at the pleading stage, a plaintiff is only required to reasonably allege – and is not required to prove – that a call was made on another's behalf. *Snyder v. iCard Gift Card, LLC*, No. 0:15-cv-61718-WPD, 2017 WL

10379592, at *3 (S.D. Fla. May 11, 2017). Therefore, a court should simply review the complaint to determine whether there is a "factual basis that gives rise to an inference of an agency relationship." *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 544 F. Supp. 3d 1323, 1332 (S.D. Fla. 2021) (quoting *Snyder*, 2017 WL 10379592, at *3). Here, Plaintiff may do so by alleging facts to demonstrate that AccuQuote exercised substantial control over DMS's actions, ratified DMS's conduct, or represented that DMS acted with authority from AccuQuote. *See id.*

In his second amended complaint, Plaintiff alleges a contractual relationship between AccuQuote and DMS, with AccuQuote serving as the principal and DMS serving as its agent. Plaintiff asserts that AccuQuote exercised substantial control over DMS in a number of specified ways that could potentially support an agency relationship if true, including hiring DMS to make phone calls, paying DMS for phone calls, and providing and approving a script for phone calls. In addition, Plaintiff further alleges that AccuQuote learned that DMS was placing illegal phone calls but ratified the conduct by continuing to do business with DMS with knowledge of these facts and circumstances. At this stage of the proceedings, the Court is required to accept these facts as true, and these allegations are sufficient to plead a cause of action based on vicarious liability. The motion to dismiss is therefore denied as to this ground.[3]

---

[3] With regard to agency issues, including Plaintiff's ratification theory, the Court notes that there may be factual disputes, including a dispute as to when AccuQuote learned of the allegedly unlawful phone calls made by DMS. But all that is required at this stage is notice pleading; factual disputes are more appropriately resolved through summary judgment.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "AccuQuote, Inc. f/k/a Byron Udell & Associates Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law" (Doc. 55) is **DENIED**.

(2) AccuQuote is directed to file an answer on or before June 28, 2024.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of June, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE